# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| KAYASONE  MUONGKHOT, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SOUTH MARINE SYSTEMS, LLC | **Case No. 1:24-cv-01758**<br>FLSA/OMFWSA Collective Action<br>Fed. R. Civ. P. 23 Class Action<br><br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Kayasone Muongkhot brings this lawsuit to recover unpaid overtime wages and other damages owed by South Marine Systems, LLC ("South Marine").

2.      South Marine classified Muongkhot as an independent contractor.

3.      South Marine paid Muongkhot an hourly rate.

4.      South Marine also paid Muongkhot what it called a "per diem" for each hour worked.

5.      Muongkhot regularly worked for South Marine in excess of 40 hours in a week.

6.      But South Marine failed to pay Muongkhot and other hourly workers like him at the proper overtime rate for these hours.

7.      Instead, South Marine failed to pay Muongkhot and workers like him their proper overtime by classifying them as independent contractors and excluding what it called "per diems" and other non-discretionary bonuses when calculating their regular rates of pay.

8.      South Marine's failure to pay Muongkhot and workers like him their proper overtime wages violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

9. South Marine's failure to pay Muongkhot and workers like him in Ohio their proper overtime wages, and to pay them within the time allowed by Ohio law, also violates the Ohio Minimum Fair Wage Standards Act (OMFWSA), O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act (OPPA), O.R.C. § 4113.15.

10. South Marine's per diem and bonus pay scheme violates the FLSA, OMFWSA, and OPPA by depriving Muongkhot and workers like him overtime pay of at least 1.5x their regular rates of pay—based on all remuneration their received—for hours in excess of 40 in a workweek.

11. This collective and class action seeks to recover the unpaid wages and other damages owed to Muongkhot and other hourly workers at South Marine.

### JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because South Marine's principal place of business is in this District.

15. South Marine's principal place of business is in Ashtabula, Ashtabula County, Ohio.

### PARTIES

16. **Plaintiff Kayasone Muongkhot** is a natural person.

17. At all relevant times, Muongkhot worked for South Marine.

18. Muongkhot was, at all relevant times, an employee of South Marine.

19.     South Marine paid Muongkhot on an hourly basis.

20.     Muongkhot worked for South Marine from November 2023 to March 2024.

21.     Before that, Muongkhot worked for South Marine between January and April 2022.

22.     Muongkhot worked for South Marine in Ohio.

23.     Muongkhot represents at least three groups of similarly situated South Marine workers.

24.     Muongkhot seeks to represent a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All persons currently or formerly employed by, or working on behalf of, South Marine Systems, LLC in the United States from three years prior to the date suit was filed, until the entry of judgment, who were classified as independent contractors and paid by the hour, but whose overtime compensation rate did not take into account all financial remuneration paid, including but not limited to non-discretionary bonuses or alleged per diems.**

25.     Muongkhot represents a collective of similarly situated workers under the OMWFSA pursuant to O.R.C. § 4111.10(C) (the "Ohio Collective"). The Ohio Collective is defined as:

> **All persons currently or formerly employed by, or working on behalf of, South Marine Systems, LLC in Ohio from three years prior to the date suit was filed, until the entry of judgment, who were classified as independent contractors and paid by the hour, but whose overtime compensation rate did not take into account all financial remuneration paid, including but not limited to non-discretionary bonuses or alleged per diems.**

26. Muongkhot represents a class of similarly situated workers under the OPPA pursuant to Federal Rule of Civil Procedure 23 (the "Ohio Class"). The Ohio Class is defined as:

> **All persons currently or formerly employed by, or working on behalf of, South Marine Systems, LLC in Ohio from four years prior to the date suit was filed, until the entry of judgment, who were classified as independent contractors and paid by the hour, but whose overtime compensation rate did not take into account all financial remuneration paid, including but not limited to non-discretionary bonuses or alleged per diems.**

27. Throughout this Complaint, the FLSA Collective, the Ohio Collective, and the Ohio Class are referred to jointly as the "Similarly Situated Workers."

28. **Defendant South Marine Systems, LLC** is a foreign limited liability company.

29. South Marine conducts business in a systematic and continuous manner throughout Ohio and this District.

30. South Marine's headquarters and principal place of business are in this District.

31. South Marine may be served by service upon its registered agent, **Jesus Alfonso Rodriguez Chavez, Sr., 1214 W. 6th St., Ashtabula, OH 44004**, or by any other method allowed by law

### Coverage Under the FLSA

32. At all relevant times, South Marine was an employer of Muongkhot within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times, South Marine was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. At all relevant times, South Marine has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

35. During at least the last three years, South Marine has had gross annual sales in excess of $500,000.

36. During at least the last three years, South Marine was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

37. During at least the last three years, South Marine has employed many workers, including Muongkhot and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

38. South Marine employs many workers, including Muongkhot and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

39. The goods and materials handled, sold, or otherwise worked on by Muongkhot and other South Marine employees and that have been moved in interstate commerce include, but are not limited to, maritime vessels and cleaning and repair equipment and supplies.

40. South Marine treated Muongkhot and the FLSA Collective members as employees and uniformly dictated the pay practices to which they were subject.

41. South Marine's misclassification of Muongkhot and the FLSA Collective Members as independent contractors does not alter their status as employees for purposes of this FLSA action.

## FACTS

42.     South Marine is engaged in ship building and repairing, boat building, and fabricated structural metal manufacturing.

43.     To provide ship building services, South Marine needs workers that build ships.

44.     To provide ship repair services, South Marine needs workers that repair ships.

45.     To provide boat building services, South Marine needs workers that build boats.

46.     To provide fabricated structural metal manufacturing services, South Marine needs workers that manufacture fabricated structural metal.

47.     South Marine needs ship building workers to perform ship building work.

48.     South Marine needs ship repair workers to perform ship repair work.

49.     South Marine needs boat repair workers to perform boat repair work.

50.     While exact job titles and job duties may slightly differ, Muongkhot and the Similarly Situated Workers were subjected to the same or similar illegal pay practices for similar work.

51.     During his employment with South Marine, since at least January 2023, Muongkhot was classified as an independent contractor.

52.     The work Muongkhot performed is an essential part of South Marine's core business.

53.     During Muongkhot's employment with South Marine and while he was classified as an independent contractor, South Marine exercised control over all aspects of his job.

54.     Muongkhot was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform his job duties.

55.     South Marine controlled all the significant or meaningful aspects of the job duties performed by Muongkhot.

56.     South Marine ordered the hours and locations Muongkhot worked, tools used, and rate of pay received.

57.     Even though Muongkhot often worked away from South Marine's offices, South Marine still controlled all aspects of Muongkhot's job activities by enforcing mandatory compliance with South Marine's policies and procedures.

58.     No real investment was required of Muongkhot to perform his job.

59.     South Marine determined Muongkhot's opportunity for profit and loss.

60.     South Marine made the large capital investments in power tools, protective equipment, materials, and supplies in the business in which Muongkhot worked.

61.     Muongkhot did not incur operating expenses like rent, payroll, marketing, and insurance.

62.     Muongkhot was economically dependent on South Marine during his employment.

63.     South Marine set Muongkhot's rate of pay and his work schedule.

64.     South Marine directly determined Muongkhot's opportunity for profit and loss, as Muongkhot's earning opportunity was based on the amount of time South Marine scheduled them to work.

65. For the purposes of an unpaid wage claim, very little skill, training, or initiative was required of Muongkhot to perform his job duties.

66. Indeed, the daily and weekly activities of Muongkhot and the Similarly Situated Workers were routine and largely governed by standardized plans, procedures, and checklists created by South Marine.

67. Virtually every job function of the Similarly Situated Workers was pre-determined by South Marine, including the equipment to use at a job site, the schedule of work, and related work duties.

68. Muongkhot and the Similarly Situated Workers were prohibited from varying their job duties outside pre-determined parameters.

69. Moreover, the job functions of Muongkhot and the Similarly Situated Workers were primarily manual labor/technical in nature that did not require a college education or other advanced degree.

70. For the purposes of an unpaid overtime claim, Muongkhot and the Similarly Situated Workers performed substantially similar job duties related to ship building and maintenance.

71. Muongkhot performed routine manual and technical labor duties that were largely dictated by South Marine and/or its clients.

72. Muongkhot was not employed by South Marine on a project-by-project basis.

73. Muongkhot was not paid by South Marine on a project-by-project basis.

74. All the Similarly Situated Workers performed the same or similar job duties and were subjected to the same or similar policies and procedures by which South Marine dictated the day-to-day activities performed by each person. The Similarly Situated Workers

also worked hours similar to Muongkhot and were denied overtime pay as a result of the same illegal pay practice.

75.     Between November 2023 and March 2024, Muongkhot was an hourly employee of South Marine.

76.     Between November 2023 and March 2024, South Marine did not pay Muongkhot a salary.

77.     South Marine never paid Muongkhot on a fee basis.

78.     Between November 2023 and March 2024, South Marine paid Muongkhot by the hour.

79.     Muongkhot reported the hours he worked to South Marine on a regular basis.

80.     Muongkhot's hours are reflected in South Marine's records.

81.     Between November 2023 and March 2024, in addition to his hourly rate, South Marine paid Muonghkhot what it called a "per diem."

82.     The "per diem" paid to Muonghkhot was paid on an hourly basis.

83.     The "per diem" was also paid to Similarly Situated Workers.

84.     The "per diem" was paid to Muonghkhot and Similarly Situated Workers regardless of any individualized factors.

85.     South Marine's alleged "per diem" is really non-discretionary remuneration.

86.     Muongkhot normally worked more than 40 hours in a week.

87.     When South Marine paid Muonghkhot for overtime work, it excluded the so-called "per diem," causing Muonghkhot's overtime rate to be less than 1.5x his regular rate of pay.

88. As a result, Muongkhot was not paid the required overtime premium for time worked over 40 hours in a workweek.

89. Thus, South Marine tries to mask its overtime violations by giving the appearance of paying overtime.

90. This payment scheme violates the FLSA.

91. This payment scheme violates the OMFWSA.

92. This payment scheme violates the OPPA.

93. South Marine was aware of the overtime requirements of the FLSA.

94. South Marine was aware of the overtime requirements of the OMFWSA.

95. South Marine was aware of the pay requirements of the OMFWSA.

96. South Marine nonetheless failed to pay certain hourly employees, such as Muongkhot, the proper overtime premium for all hours worked over 40 in a workweek.

97. South Marine's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

98. South Marine's failure to pay overtime to these hourly workers was, and is, a willful violation of the OMFWSA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

99. The illegal pay practices South Marine imposed on Muongkhot were likewise imposed on the FLSA Collective members.

100. The illegal pay practices South Marine imposed on Muongkhot were likewise imposed on the FLSA Collective members.

101.     Muongkhot employs many other workers who worked over 40 hours per week and were subject to South Marine's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

102.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

103.     Based on his experience and tenure with South Marine, Muongkhot is aware that South Marine's illegal practices were imposed on the FLSA Collective members.

104.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

105.     South Marine's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective members.

106.     These employees are victims of South Marine's unlawful compensation practices and are similarly situated to Muongkhot within the meaning of the FLSA.

107.     The workers impacted by South Marine's unlawful compensation scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### OHIO COLLECTIVE ACTION ALLEGATIONS

108.     The illegal pay practices South Marine imposed on Muongkhot were likewise imposed on the Ohio Collective members.

109.     The illegal pay practices South Marine imposed on Muongkhot were likewise imposed on the Ohio Collective members.

110.    Muongkhot employs many other workers who worked over 40 hours per week and were subject to South Marine's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

111.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the OMFWSA.

112.    Based on his experience and tenure with South Marine, Muongkhot is aware that South Marine's illegal practices were imposed on the Ohio Collective members.

113.    Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

114.    South Marine's failure to pay overtime compensation at the rates required by the OMFWSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Ohio Collective members.

115.    These employees are victims of South Marine's unlawful compensation practices and are similarly situated to Muongkhot within the meaning of the OMFWSA.

116.    The workers impacted by South Marine's unlawful compensation scheme should be notified of this action and given the chance to join pursuant to O.R.C. § 4111.10(C).

CLASS ACTION ALLEGATIONS

117.    The illegal practices South Marine imposed on Muongkhot were likewise imposed on the Ohio Class members.

118.    Numerous other individuals who worked for South Marine were not timely compensated for all hours worked, as required by the OPPA.

119.    The Ohio Class is so numerous that joinder of all members of the class is impracticable.

120.     South Marine imposed uniform practices and policies on Muongkhot and the Ohio Class members regardless of any individualized factors.

121.     Based on his experience and tenure with South Marine, as well as coverage of the Kronos outage, Muongkhot is aware that South Marine's illegal practices were imposed on the Ohio Class members.

122.     Ohio Class members were all not timely paid proper overtime when they worked in excess of 40 hours per week.

123.     South Marine's failure to pay wages and overtime compensation in accordance with the OPPA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Ohio Class members.

124.     Muongkhot's experiences are therefore typical of the experiences of the Ohio Class members.

125.     Muongkhot has no interest contrary to, or in conflict with, the members of the Ohio Class. Like each member of the proposed class, Muongkhot has an interest in obtaining the unpaid wages and other damages owed under the law.

126.     A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

127.     Absent this action, many Ohio Class members likely will not obtain redress of their injuries and South Marine will reap the unjust benefits of violating the OPPA.

128.     Furthermore, even if some of the Ohio Class members could afford individual litigation against South Marine, it would be unduly burdensome to the judicial system.

129.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

130.     The questions of law and fact common to each of the Ohio Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.     Whether South Marine paid Muongkhot and the Ohio Class members all wages due within the period of time allowed by the OPPA; and

b.     Whether South Marine's failure to timely pay wages to Muongkhot and the Ohio Class members violated the OPPA.

131.     Muongkhot's claims are typical of the Ohio Class members. Muongkhot and the Ohio Class members have all sustained damages arising out of South Marine's illegal and uniform employment policies.

132.     Muongkhot knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

133.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

### FIRST CAUSE OF ACTION–WAGE VIOLATIONS OF THE FLSA AS TO MUONGKHOT AND THE FLSA COLLECTIVE

134.     Muongkhot incorporates all allegations in paragraphs 1 to 133.

135.     By failing to pay Muongkhot and the FLSA Collective members overtime at 1.5 times their regular rates, South Marine violated the FLSA. 29 U.S.C. § 207(a).

136. South Marine owes Muongkhot and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

137. South Marine owes Muongkhot and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

138. South Marine knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Muongkhot and the FLSA Collective members.

139. Because South Marine knew, or showed reckless disregard for whether, its pay practices violated the FLSA, South Marine owes these wages for at least the past three years.

140. South Marine's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

141. Because South Marine's decision not to pay overtime was not made in good faith, South Marine also owes Muongkhot and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

142. Muongkhot and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—WAGE VIOLATIONS OF THE OMFWSA AS TO MUONGKHOT AND THE OHIO COLLECTIVE

143. Muongkhot incorporates all allegations set forth in paragraphs to 1 to 133.

144. The conduct alleged in this Complaint violates the OMFWSA, O.R.C. §§ 4111 *et seq.*

145.     At all relevant times, South Marine has been an "employer" within the meaning of the OMFWSA. O.R.C. §§ 4111.02, 4111.03(D)(2); Ohio Const. Article II, Section 34a.

146.     At all relevant times, South Marine employed Muongkhot and the other Ohio Collective members as "employees" within the meaning of the OMFWSA. O.R.C. §§ 4111.02, 4111.03(D)(3); Ohio Const. Article II, Section 34a.

147.     The OMFWSA requires an employer like South Marine to pay employees at a rate no less than the minimum wage for each hour worked. O.R.C. § 4111.02; Ohio Const. Article II, Section 34a.

148.     As a result of South Marine's failure to pay Muongkhot and the Ohio Collective at a rate no less than the minimum wage for all hours worked, South Marine violated the OMFWSA.

149.     The OMFWSA requires an employer like South Marine to pay overtime to all non-exempt employees. O.R.C. § 4111.03(A).

150.     Muongkhot and the other Ohio Collective members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate. O.R.C. § 4111.03(A).

151.     Within the applicable limitations period, South Marine had a policy and practice of failing to pay proper overtime to the Ohio Collective members for their hours worked in excess of 40 hours per week.

152.     As a result of South Marine's failure to pay proper overtime to Muongkhot and the Ohio Collective members for work performed in excess of 40 hours in a workweek, South Marine violated the OMFWSA.

153. Muongkhot and the Ohio Collective members are entitled to recover their unpaid wages, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief provided under Ohio law. Ohio Const. Article II, Section 34a.

### THIRD CAUSE OF ACTION—WAGE VIOLATIONS OF THE OPPA AS TO MUONGKHOT AND THE OHIO CLASS

154. Muongkhot incorporates all allegations set forth in paragraphs 1 to 133.

155. The conduct alleged in this Complaint violates the OPPA, O.R.C. § 4113.15.

156. At all relevant times, South Marine has been an "employer" within the meaning of the OPPA. Ohio Const. Article II, Section 34a.

157. At all relevant times, South Marine employed Muongkhot and the Ohio Class members as "employees" within the meaning of the OPPA. Ohio Const. Article II, Section 34a.

158. South Marine failed to pay earned wages and overtime to Muongkhot and the Ohio Class members.

159. South Marine failed to pay the wages earned by Muongkhot and the Ohio Class members within the time permitted under the OPPA, O.R.C. § 4113.15(A).

160. South Marine had a policy and practice of failing make timely payment of wages to the Muongkhot and the Ohio Class members.

161. South Marine did not act in good faith in failing to pay earned wages to Muongkhot and the Ohio Class members and in violating the OPPA.

162. As a result of South Marine's failure to pay earned wages to Muongkhot and the Ohio Class members within the time required by the OPPA, South Marine violated the OPPA.

163.     South Marine has failed to pay the outstanding wages for more than 30 days beyond the regularly scheduled payday.

164.     Muongkhot and the Ohio Class members are entitled to recover all wages due to them, liquidated damages, penalties, interest, attorneys' fees, costs, and all other legal and equitable relief provided under the OPPA. O.R.C. § 4113.15(B).

## RELIEF SOUGHT

Muongkhot prays for judgment against South Marine as follows:

a.      For an order certifying a collective action for the FLSA claims;

b.      For an order certifying a collective action for the OMWFSA claims;

c.      For an order certifying a class action for the OPPA claims;

d.      For an order finding South Marine liable for violations of federal wage laws with respect to Muongkhot and all FLSA Collective members;

e.      For an order finding South Marine liable for violations of the OMWFSA with respect to Muongkhot and all Ohio Collective members;

f.      For an order finding South Marine liable for violations of the OPPA with respect to Muongkhot and all Ohio Class members;

g.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Muongkhot and all FLSA Collective members;

h.      For a judgment awarding all unpaid wages, liquidated damages, and penalties under the OMWFSA to Muongkhot and all Ohio Collective members;

i.      For a judgment awarding all unpaid wages, liquidated damages, interest, and penalties under the OPPA to Muongkhot and all Ohio Class members;

j.      For a judgment awarding attorneys' fees to Muongkhot and all FLSA, Ohio Collective, and Ohio Class members;

k.      For a judgment awarding costs of this action to Muongkhot and all FLSA, Ohio Collective, and Ohio Class members;

l.      For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Muongkhot and all FLSA, Ohio Collective, and Ohio Class members; and

b.      For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5200
matt@parmet.law

**Attorneys for Plaintiff**

## PLAINTIFF'S JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____

**Matthew S. Parmet**